UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA ROBERTS,

    Plaintiff,

v.                                            Case No. 1:14-cv-355
                                                 Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                           /

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born on July 18, 1963 (AR 218).[1] She alleged a disability onset date of September 8, 2010 (AR 218). Plaintiff completed the 12th grade and had previous employment as a factory worker (injection mold tender and production assembler) and a floor specialist in a nursing home (AR 19, 223). Plaintiff identified her disabling conditions as back problems, three hernias, high blood pressure, anxiety, depression and high cholesterol (AR 222). An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits on September 7, 2012 (AR 11-20). The ALJ's decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

    **I. LEGAL STANDARD**

---

[1] Citations to the administrative record will be referenced as (AR "page #").

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 8, 2010 and that she met the insured status requirements of the Act through December 31, 2014 (AR 13). At the second step, the ALJ found that plaintiff had severe impairments of: degenerative disc disease of the lumbosacral spine; abdominal hernias, status-post hernia surgeries; hiatal hernia; right carpal tunnel syndrome; left hip bursitis; obesity; anxiety; and depression (AR 13). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 14).

The ALJ decided at the fourth step:

> [T]hat the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) and can stand and/or walk in combination for 6 hours, and can sit for 6 hours in an 8-hour workday. The claimant can occasionally stoop, crouch, kneel, crawl, and climb ramps or stairs, but have no use of ladders, ropes, or scaffolds, have no exposure to temperature extremes, and no concentrated exposure to humidity or vibration. Additionally, she can have no more than frequent gripping or grasping with the right upper extremity, and have no operation of leg of [sic] foot controls. Finally, she cannot do jobs that require a good hearing ability, and is limited to simple, unskilled work.

(AR 16).

Based on this record, the ALJ found that plaintiff was capable of performing her past relevant work as an injection mold machine tender and production assembler (AR 19). These unskilled, light exertion jobs do not require the performance of work-related activities precluded by

plaintiff's RFC (AR 19).  Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from September 8, 2010 (the alleged onset date) through September 7, 2012 (the date of the decision) (AR 19-20).

### III.  ANALYSIS

Plaintiff raised two issues on appeal:

**A.    The Commissioner erred in assigning appropriate weight to the opinions of Raymond Shippey, M.S., P.T., the claimant's treating physical therapist, when she failed to acknowledge the opinions altogether.**

Plaintiff did not provide a chronology of her physical therapy treatment, merely stating that plaintiff "had at least 10 physical therapy sessions during 2011."  Plaintiff's Brief at p. ID# 838 (docket no. 11).  Plaintiff contends that the ALJ did not evaluate or acknowledge the opinions expressed by her physical therapist, Mr. Shippey, who opined that plaintiff: had decreased range of motion in the lumbar spine; had decreased function with sitting, standing and bending; had pain on palpation with respect to her sacroiliac joint, ilium, and right piriformis muscle; was unable to decrease her pain level; continued to have significant lumbar instability; and remained unable to lift and carry much weight (AR 695, 701-02, 705, 707-08, 717, 748, 757).  *Id.*

The ALJ addressed plaintiff's limited participation in physical therapy as follows:

> [T]he claimant was referred to physical therapy.  However, she informed the therapist on several occasions that the physical therapy was helping (Ex 21F/3).  Additionally, although she returned to physical therapy in 2012, the claimant stopped attending her sessions and was therefore discharged (Ex 21F/47).

(AR 18).

As a physical therapist, Mr. Shippey is not an acceptable medical source under the regulations.  *See* 20 C.F.R. §§ 404.913(a) and 416.1513(a) ("[w]e need evidence from acceptable

5

medical sources to establish whether you have a medically determinable impairment[]"; such sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists and qualified speech-language pathologists).  *See Perschka v. Commissioner of Social Security*, 411 Fed. Appx. 781, 787 (6th Cir. 2010) (physical therapist could not provide evidence to establish a listed impairment because a therapist is not an acceptable medical source under 20 C.F.R. § 404.1513(a)(1)-(5)).

There is no requirement that the ALJ give reasons for the weight assigned to a physical therapist.  The requirement that the Commissioner give "good reasons" for the weight given to an opinion applies only to "treating sources" (i.e., a physician, psychologist or other acceptable medical source who has provided medical treatment or evaluation).  *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir.2007) ("[b]efore determining whether the ALJ violated *Wilson* by failing to properly consider a medical source, we must first classify that source as a 'treating source'"); *Burke ex rel. A.R.B. v. Astrue*, No. 6:07-cv-376, 2008 WL 1771923 at *7 (E.D. Ky. April 17, 2008) ("the deferential reason-giving requirements for the rejection of a treating-source opinion necessarily do not apply where the source in question is not an 'acceptable medical source'").

The Sixth Circuit has "previously held that an ALJ has discretion to determine the proper weight to accord opinions from 'other sources[.]'" *Engebrecht v. Commissioner of Social Security*, 572 Fed. Appx. 392, 398 (6th Cir. 2014), quoting *Cruse v. Commissioner of Social Security*, 502 F.3d 532, 541 (6th Cir. 2007).  "Although the opinions of 'other sources' cannot establish the existence of a disability, their perspective should be given weight by the adjudicator and should be 'evaluated on key issues such as impairment severity and functional effects, along

with the other evidence in the file.'" *Engebrecht*, 572 Fed. Appx. at 398, quoting *Cruse*, 502 F.3d at 541 and SSR 06–03p.

While plaintiff contends that Mr. Shippey offered a number of opinions regarding her functional limitations, the "opinions" cited are snippets of the therapist's notations of plaintiff's subjective complaints with some clinical observations. It is unclear as to whether she is relying on Mr. Shippey's opinions based on clinical tests or subjective statements made to Mr. Shippey. *See, e.g., Craig v. Chater*, 76 F.3d 585, 590 n. 2 (4th Cir. 1996) (a doctor's statement that "I observed my patient telling me she was in pain" does not transform a patient's subjective complaint into objective clinical evidence). In addition, Mr. Shippey did not submit any type of report or narrative setting forth plaintiff's functional limitations. In this regard, Shippey's three sentence discharge report from June 7, 2012 provides little information with respect to plaintiff's limitations:

> Patient is discharged to home exercise program with goals not met. She attended eight of her twelve visits before stopping physical therapy for non-related health issues. She is to continue her home exercises as she continues to have significant core instability and inflexibility.

(AR 739) (Emphasis omitted).

Based on this record, plaintiff has not established that the ALJ erred in evaluating plaintiff's limited participation in physical therapy. The fact that the ALJ did not discuss the content of Mr. Shippey's notes does not mean that he failed to consider them. *See Bailey v. Commissioner of Social Security*, 413 Fed. Appx. 853, 855 (6th Cir. 2011) (quoting 20 C.F.R. § 404.953) (While an ALJ is required to provide specific reasons for crediting or discrediting a claimant's testimony, "he is not required to analyze the relevance of each piece of evidence individually. Instead, the regulations state that the decision must contain only 'the findings of facts and the reasons for the decision.'"); *Boseley v. Commissioner of Social Security Administration*, 397 Fed. Appx. 195, 199

(6th Cir. 2010) ("[n]either the ALJ nor the [Appeals] Council is required to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion"); *Daniels v. Commissioner of Social Security*, 152 Fed. Appx. 485, 489 (6th Cir. 2005) ("an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered"). Accordingly, plaintiff's claim is denied.

> **B.     The Commissioner erred at Step 2 of the Sequential Evaluation Process, when the Administrative Law Judge failed to classify the Plaintiff's urinary incontinence, bowel incontinence, obstructive defecation syndrome, internal prolapsed rectum, status post rectal resection surgery, sigmoid diverticula, diverticulitis, gastritis, esophagitis, peptic ulcer disease, gastroesophageal reflux disease ("GERD"), rectal hernia, chronic abdominal pain, chronic constipation, renal cysts, sciatica, chronic low back pain, arthritis of the thoracic spine, heel spur, L4-5 disc bulge, L5-S1 disc bulge, spondylosis of the lumbar spine, disc desiccation at L4-5, disc desiccation at L5-S1, bulging L2 disc, vertigo, hearing loss, and tinnitus as "severe" conditions, thereby also failing to properly consider the limitations caused by the conditions when determining the Ms. Roberts' residual functional capacity.**

A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Servivces*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id.* "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008).

Here, the ALJ found that plaintiff had a severe impairment of: degenerative disc disease of the lumbosacral spine; abdominal hernias, status-post hernia surgeries; hiatal hernia; right carpal tunnel syndrome; left hip bursitis; obesity; anxiety; and depression (AR  13).  The ALJ's failure to include other severe impairments at step two is legally irrelevant.  *Anthony*, 266 Fed. Appx. at 457. Accordingly, plaintiff's claim of error is denied.

### IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).  A  judgment consistent with this opinion will be issued forthwith.


Dated:  June 26, 2015              /s/ Hugh W. Brenneman, Jr.
                                   HUGH W. BRENNEMAN, JR.
                                   United States Magistrate Judge